UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------- X

CHARLES MARSHALL,

                              Plaintiff,     **COMPLAINT**

              -against-
                                             **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK; NYPD Detective
WILLIAM POWELL, Shield #7597, NYPD SGT.
WAYNE LOCKE and P.O. JOHN DOES #1-5; the
individual defendant(s) sued individually
and in their official capacities,

                              Defendants.

------------------------------------------- X

## PRELIMINARY STATEMENT

1.    This is a civil rights, common law, and tort

action in which plaintiff seeks relief for the violation of his

rights secured by the laws of the State of New York; New York

State Constitution; 42 U.S.C. §§ 1983 and 1988; and the Fourth,

Sixth, and Fourteenth Amendments to the United States

Constitution.  Plaintiff's claims arise from an incident that

took place between June 12, 2013 and December 20, 2013.  During

the incident, the City of New York, and members of the New York

City Police Department ("NYPD") subjected plaintiff to, among

other things, unlawful search and seizure, excessive force,

false arrest, failure to intervene, malicious prosecution, and

implementation and continuation of an unlawful municipal policy,

practice, and custom, and respondeat superior liability.

Plaintiff seeks compensatory and punitive damages from the individual defendants, compensatory damages from the municipal defendant, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.    Within 90 days of the conclusion of the incidents alleged in this complaint, plaintiff served upon defendant City of New York a Notice of Claim setting forth the name and post office address of plaintiff, the nature of the claim, the time when, the place where and the manner in which the claim arose, and the items of damages or injuries claimed.

3.    More than 30 days have elapsed since plaintiff's demands and/or claims were presented to defendant City of New York for adjustment and/or payment thereof, and the defendant has neglected and/or refused to make any adjustment and/or payment.

4.    Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

5.    Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Kings County, and Kings County is subject to personal jurisdiction in the Eastern District of New York.

2

**PARTIES**

6.      Plaintiff Charles Marshall, is an African-American male, who is a resident of the State of New York, Kings County.

7.      At all times alleged herein, defendant City of New York was a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

8.      At all times alleged herein, defendants NYPD Detective William Powell, shield #7597; SGT. Wayne Locke and John Does #1-5 were New York City Police Officers employed with the 75th Precinct, located in Kings County, New York or other as yet unknown NYPD assignment, who violated plaintiff's rights as described herein.

9.      The individual defendants are sued in their individual and official capacities.

**STATEMENT OF FACTS**

10.     On June 12, 2013 at and in the vicinity of Atkins and Hegeman Avenues, Kings County, Brooklyn, New York, Brooklyn, New York, and the 75th Precinct, Brooklyn, New York, several police officers operating from the 75th Precinct, including, upon information and belief, defendants Detective William Powell, Sgt. Wayne Locke and John Does #1-5, at times acting in

concert, and at times acting independently, committed the following illegal acts against plaintiff.

11.   On June 12, 2013, at approximately 4:00 p.m., at and in the vicinity of Atkins and Hegeman Avenues, Kings County, Brooklyn, New York, two police officers John Does 1 and 2, without either consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime, stopped plaintiff and asked him if he would like to come to the precinct for questioning.  Plaintiff complied, and the police officers grabbed plaintiff, placed plaintiff in handcuffs, searched him and placed him the back of an unmarked police vehicle.

12.   The handcuffs were excessively tight and caused bruising to the plaintiff's wrist.

13.   Plaintiff was taken to the 75th precinct.

14.   Once in the 75th precinct, plaintiff was placed in a cell for approximately 45 minutes, and then placed in an interrogation room.

15.   In the interrogation room, Detective William Powell, asked plaintiff questions regarding a fight that took place on June 9, 2013.

16.   Plaintiff denied any involvement in the fight.

17.   Detective William Powell then used his cell phone and took a picture of the plaintiff and told plaintiff that he

was taking it to the hospital to see if one of the complaining victims could identify plaintiff.

18. Detective Powell then left the interrogation room.

19. When Detective Powell returned, he returned with a photograph of the plaintiff, with a signature on the photograph.

20. Detective Powell falsely and maliciously stated that the signature on the photograph belonged to one of the complaining witnesses.

21. Detective Powell falsely and maliciously told plaintiff that plaintiff was positively identified.

22. Plaintiff was then told he was under arrest.

23. Plaintiff was taken to Brooklyn Central Booking where his arrest was processed.

24. After Central Booking, plaintiff was arraigned, and charged with various crimes which he did not commit.

25. Plaintiff was then taken to Rikers Island where he was held for approximately 7 days until his wife posted bail, and he was released.

26. Plaintiff's case was dismissed on December 20, 2013.

27. The individual defendants acted in concert committing the above-described illegal acts toward plaintiff.

28.   Plaintiff did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above incidents.

29.   The defendants acted under pretense and color of state law and within the scope of their employment.  Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his rights.

30.   As a direct and proximate result of defendants' actions, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

31.   Plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiff's rights.

32.   Upon information and belief, the unlawful actions against plaintiff were also based on racial profiling.

## FIRST CLAIM

### (FALSE ARREST UNDER FEDERAL LAW)

33.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

34.   Defendants falsely arrested plaintiff without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

35.   Accordingly, defendants are liable to plaintiff for false arrest under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## SECOND CLAIM

### (FALSE ARREST UNDER STATE LAW)

36.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

37.   Defendants falsely arrested plaintiff without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

38.   Accordingly, defendants are liable to plaintiff for false arrest under New York State law.

## THIRD CLAIM

### (UNLAWFUL SEARCH AND SEIZURE UNDER FEDERAL LAW)

39.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

40.   Defendant was unlawfully stopped and searched plaintiff without cause, a warrant, or consent.

41.   Accordingly, defendants are liable to plaintiff for unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## FOURTH CLAIM

### (UNLAWFUL SEARCH AND SEIZURE UNDER STATE LAW)

42.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

43.   Defendants unlawfully stopped and searched plaintiff without cause, a warrant, or consent.

44.   Accordingly, defendants are liable to plaintiff for unlawful search and seizure under New York State law.

## FIFTH CLAIM

### (UNREASONABLE FORCE)

45.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

46.   The individual defendants' use of force upon plaintiffs was objectively unreasonable.

47.   The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiff, since plaintiff was unarmed, compliant, and did not resist arrest.

48.   Those defendants who did not touch plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

49.   Accordingly, the defendants are liable to plaintiff for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## SIXTH CLAIM

### (ASSAULT)

50.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

51.   Among other things as described above, defendants' search and seizure, battery, false arrest, and excessive use of force against plaintiff placed him in fear of imminent harmful and offensive physical contacts.

52.   Accordingly, defendants are liable to plaintiff under New York State law for assault.

## SEVENTH CLAIM

### (BATTERY)

53. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

54. Among other things as described above, defendants' search and seizure, false arrest, and excessive use of force against plaintiff were illegal physical contacts.

55. Accordingly, defendants are liable to plaintiff under New York State law for battery.

## EIGHTH CLAIM

### (MALICIOUS PROSECUTION UNDER FEDERAL LAW)

56. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

57. The individual defendants are liable to plaintiff for malicious prosecution because prior to any grand jury action, with intent, knowledge, and malice, the defendants initiated a malicious prosecution against plaintiff by drafting and signing a sworn criminal court complaint and police reports that provided false information to the court, alleging plaintiff had committed various crimes.

58. The individual defendants lacked probable cause to believe the above-stated malicious prosecution could succeed.

59. The individual defendants initiated the above-stated malicious prosecution to cover up their illegal and

unconstitutional conduct and force plaintiff into informing on his criminal case co-defendants and other individuals.

60.   The above-stated malicious prosecution caused a sufficient post-arraignment liberty restraint on plaintiff.

### NINTH CLAIM

### (MALICIOUS PROSECUTION CLAIM UNDER STATE LAW)

61.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

62.   The individual defendants are liable to plaintiff for malicious prosecution because, pursuant to a conspiracy and acting with malice, the defendants initiated a malicious prosecution(s) against plaintiff by knowingly, intentionally, and maliciously providing false statements (including signed complaints and police reports) to prosecutors and/or the court(s), which alleged plaintiff had committed various crimes.

63.   The individual defendants lacked probable cause to believe the above-stated malicious prosecution(s) could succeed.

64.   The individual defendants acted to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecution(s).

### TENTH CLAIM

#### (FAILURE TO INTERVENE)

65.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

66.   Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

67.   Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

### ELEVENTH CLAIM

#### (MONELL CLAIM)

68.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

69.   Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

70.   Defendant City of New York through the NYPD and its officers, committed the following unconstitutional practices, customs, and policies against plaintiff: (1) unlawfully stopping and searching innocent persons; (2) wrongfully arresting innocent persons in order to meet productivity goals; (3) wrongfully arresting individuals based on pretexts and profiling; (4) using unreasonable force on

individuals; and (5) fabricating evidence against innocent persons.

71.   Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants were unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

72.   Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them.  Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

73.   Further, defendant City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice, and/or policy) would stop, arrest and prosecute innocent individuals, based on pretexts and false evidence.

74.   The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct involving the individual defendants, placing the defendant City of New York on notice of the

individual defendants' propensity to violate the rights of
individuals.

75. In addition to frequently violating the civil
rights of countless residents of New York City, numerous members
of the NYPD commit crimes. Officers have been arrested and
convicted of such crimes as planting evidence on suspects,
falsifying police reports, perjury, corruption, theft, selling
narcotics, smuggling firearms, robbery, fixing tickets, driving
under the influence of alcohol, vehicular homicide, assault, and
domestic violence. In fact, former NYPD Commissioner Bernard
Kerik was convicted of corruption-related crimes in federal and
state courts and served time in federal prison. In 2011,
Brooklyn South Narcotics Officer Jerry Bowens was convicted of
murder and attempted murder in Supreme Court, Kings County,
while under indictment for corruption and is presently serving a
life sentence. In 2011, Police Officer William Eiseman and his
subordinate Police Officer Michael Carsey were convicted of
felonies in Supreme Court, New York County, for lying under
oath, filing false information to obtain search warrants and
performing illegal searches of vehicles and apartments. In
2012, New York City Police Officer Michael Pena was convicted in
Supreme Court, New York County, of raping and sexually
assaulting a woman at gunpoint and is presently serving a
sentence of 75 years to life.

76. The foregoing customs, policies, usages, practices, procedures, and rules of the City of New York and the NYPD were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

77. The foregoing customs, policies, usages, practices, procedures, and rules of the City of New York and the NYPD were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

78. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

**TWELTH CLAIM**

**(RESPONDEAT SUPERIOR)**

79. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

80. The individual defendants were acting within the scope of their employment as New York City Police Officers when they committed the above described acts against plaintiff, including assaulting, and battering plaintiff.

81. The City of New York is therefore vicariously liable under New York State law for the aforesaid torts.

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.   Compensatory damages in an amount to be
     determined by a jury;

b.   Punitive damages in an amount to be determined by
     a jury;

c.   Costs, interest and attorney's fees, pursuant to
     42 U.S.C. § 1988; and

d.   Such other and further relief as this Court may
     deem just and proper, including injunctive and
     declaratory relief.

DATED:   New York, New York
         July 24, 2014

                              ADAMS & COMMISSIONG LLP,
                              *Attorney for Plaintiff*
                              65 Broadway Suite 715
                              New York, New York 10006
                              212-430-6590
                              martin@amcmlaw.com
                              By:

                              MARTIN E. ADAMS, ESQ.