UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
CHARLES MARSHALL

                    Plaintiff,

      - against -

THE CITY OF NEW YORK, ET AL.,

                  Defendants.

--------------------------------------------------------x

**MEMORANDUM AND ORDER**
14-CV-4481 (ILG) (RLM)

GLASSER, Senior United States District Judge:

Plaintiff Charles Marshall brings suit under 42 U.S.C. § 1983 and state law against the City of New York and two NYPD officers—Detective William Powell and Sergeant Wayne Locke—alleging, among other things, unlawful search and seizure, excessive force, false arrest, malicious prosecution, assault, battery, and failure to intervene. Defendants have moved for summary judgment, and Plaintiff has failed to respond. For the reasons given below, Defendants' motion is GRANTED.

## 1. Background

The facts are taken from Defendants' unopposed Rule 56.1 Statement. DE 18-1. The Court has examined the record and found that the Rule 56.1 Statement's assertions are supported (and in all material respects uncontradicted) by evidence, including Plaintiff's deposition testimony, Powell's affidavit, and police reports, among other exhibits. *See* DE 1, 5, 18-3–15; *generally Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004).

On June 9, 2013, at a party near Plaintiff's house, two individuals were attacked—one was shot—by perpetrators who fled the scene. Later that day, an eyewitness, Antoine Nicholson, told Detective Powell that one of the perpetrators was known as "C.B." Nicholson provided C.B.'s address, which turned out to be Plaintiff's address, and later identified Plaintiff in a photo lineup. As a result, Detective Powell issued an Investigation Card, "a device detectives use to

notify patrol officers that a person is wanted for questioning either as a witness or suspect." *Keith v. City of New York*, 2014 WL 6750211, at *2 n.7 (S.D.N.Y. Dec. 1, 2014) (citation omitted).

Three days later, on June 12, 2013, police officers stopped Plaintiff, who agreed to come to the police station. The officers placed Plaintiff in handcuffs, which were too tight, causing bruises that lasted two days but did not require medical treatment. At around the same time, Powell interviewed one of the victims, who identified the perpetrators by name, including "C.B." Powell then questioned Plaintiff, who admitted that he was at the party and witnessed the attack, but denied involvement. Powell showed Plaintiff's photograph to the victim, who then identified Plaintiff as the perpetrator that he had called "C.B."

Powell arrested Plaintiff and filed a criminal complaint. Plaintiff was charged with several crimes, and held on Rikers Island for several days until his wife posted bail. Later, other individuals pled guilty to participating in the attack but did not implicate Plaintiff. Thus, in December 2013, the charges against Plaintiff were dropped.

## 2. Procedural History

Plaintiff commenced this action on July 25, 2014. DE 1. Defendant Locke was never served. Thus, only Defendants Powell and the City of New York answered the Complaint. DE 5. On February 26, 2016, Defendants moved for summary judgment. DE 18. On March 19, 2016, Plaintiff's counsel filed a motion to withdraw from the case, which was granted. DE 19, 26. The Court also granted Plaintiff an extension of time to obtain a new attorney and to respond to the motion for summary judgment. DE 25. The deadline was May 25, 2016. *Id.* To date, no new attorney has filed an appearance, and Plaintiff has not responded to the summary judgment motion or otherwise communicated with the Court. DE 27.

### 3. Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010) (citations and quotation omitted). "A fact is material if it might affect the outcome of the suit under the governing law." *Id.* In deciding a motion for summary judgment, the court must "construe the facts in the light most favorable to the nonmoving party" and "resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (quotation omitted). Where, as here, the non-moving party fails to respond, "the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Vermont Teddy Bear Co.*, 373 F.3d at 244 (citation omitted).

### 4. Analysis

Defendants are entitled to summary judgment on all claims. As an initial matter, because Locke was never served, the claims against him must be dismissed. *See* Fed. R. Civ. P. 4(c)(1); *Young v. Coughlin*, 182 F.3d 902 (2d Cir. 1999). In any event, there is no allegation, let alone evidence, that Locke was involved in or knew of any wrongdoing. *See Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996) (§ 1983 requires "direct participation, or failure to remedy the alleged wrong after learning of it, or creation of a policy or custom under which unconstitutional practices occurred, or gross negligence in managing subordinates").

Plaintiff's false-arrest and malicious-prosecution claims fail as a matter of law because there was probable cause for his arrest. *See Gonzalez v. City of Schenectady*, 728 F.3d 149, 155

(2d Cir. 2013) (probable cause is a complete defense to a false-arrest claim); *Weyant v. Okst*, 101

F.3d 845, 852 (2d Cir. 1996) (a § 1983 claim for false arrest "is substantially the same as a claim

for false arrest under New York law"); *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir.

2003) ("the existence of probable cause is a complete defense to a claim of malicious

prosecution in New York"). Specifically, a victim and an eyewitness identified Plaintiff as one of

the attackers, and there was no reason to doubt their veracity. *See Curley v. Vill. of Suffern*, 268

F.3d 65, 70 (2d Cir. 2001) ("When information is received from a putative victim or an

eyewitness, probable cause exists unless the circumstances raise doubt as to the person's

veracity.").

Plaintiff's Fourth Amendment claims fail as a matter of law. First, Powell was not

directly involved in stopping Plaintiff and bringing him to the precinct.[1] Moreover, the initial

stop and arrest were based on probable cause and thus reasonable under the Fourth Amendment.

*See Devenpeck v. Alford*, 543 U.S. 146, 152 (2004); *Posr v. Doherty*, 944 F.2d 91, 98 (2d Cir.

1991); *see also Johnson v. City of New York*, 2013 WL 6171937, at *3 & n.6 (S.D.N.Y. Nov. 25,

2013) (citations and quotations omitted) ("for purposes of probable cause analysis, . . . where law

enforcement authorities are cooperating in an investigation, . . . the knowledge of one is

presumed shared by all"). Finally, the search of Plaintiff's person was justified as a search

incident to arrest. *See Watkins v. Ruscitto*, 2016 WL 3748498, at *9 (S.D.N.Y. July 11, 2016).

There was no excessive force, assault, or battery. A minor, temporary injury caused by

excessively tight handcuffs "does not rise to the level of objective excess that reasonable police

officers would consider to be unlawful conduct in an arrest situation." *Wilder v. Vill. of*

---

[1] The Complaint lists as defendants five unnamed police officers. These officers have not been served or
identified, and consequently are not part of this action.

*Amityville*, 288 F. Supp. 2d 341, 344 (E.D.N.Y. 2003); *see also Pierre-Antoine v. City of New York*, 2006 WL 1292076, at *8 (S.D.N.Y. May 9, 2006) ("the test for whether a plaintiff can maintain a supplemental cause of action for assault and battery is the exact same test as the one used to analyze a Fourth Amendment excessive force claim"). This is particularly so when the Plaintiff did not complain that the handcuffs were too tight and did not seek medical treatment. *See, e.g.*, *Lynch v. City of Mount Vernon*, 567 F. Supp. 2d 459, 468 (S.D.N.Y. 2008) ("There is a consensus among courts in this circuit that tight handcuffing does not constitute excessive force unless it causes some injury beyond temporary discomfort.") (collecting cases).

The Complaint's suggestion that Powell fabricated the victim's photo identification has been refuted by the victim, who attested that on June 12, 2013 he identified Plaintiff in a photograph. *See* DE 18-13.

Because there was no underlying violation, there can be no cause of action for failure to intervene, municipal liability, or respondeat superior. *See Tchatat v. City of New York*, 2015 WL 5091197, at *13 (S.D.N.Y. Aug. 28, 2015); *Mendoza v. Cnty. of Nassau*, 2012 WL 4490539, at *7 (E.D.N.Y. Sept. 27, 2012); *Feinberg v. City of New York*, 2004 WL 1824373, at *4 (S.D.N.Y. Aug. 13, 2004).

Therefore, Defendants are entitled to summary judgment on all claims.

## Conclusion

Defendants' motion for summary judgment is GRANTED and the Complaint is DISMISSED. The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:       Brooklyn, New York
            August 3, 2016          /s/_____
                                      I. Leo Glasser
                                      Senior United States District Judge